**In re Jerald E. PAREN, Suzanne M. Paren, Debtors.**

**Jerald E. PAREN, et al., Plaintiffs,**

v.

**Dennis J. NONEMAN, et al., Defendants.**

**Bankruptcy No. 92–30543.
Adv. No. 92–3506.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 10, 1993.

Nick Batt, Toledo, OH, for plaintiff.

Sidney John, Toledo, OH, for State Home Sav.

Cynthia Godbey Teznar, Toledo, OH, for defendant.

Raymond Beebe, Toledo, OH, for debtors.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on Defendants Dennis Noneman ("Noneman")

and Noneman Real Estate's ("NRE") motion for summary judgment on a complaint filed with this Court by Jerald and Susan Paren (the "Debtors") on October 16, 1992. Debtors brought this action against Noneman, NRE and State Home Savings ("State Home"). Debtors have alleged that Noneman and NRE violated 11 U.S.C. § 543 by failing to submit an accounting and an application to this Court for fees for Noneman's activities in managing Debtors' property during a state court receivership. Additionally, Debtors alleged that Noneman and NRE breached their fiduciary duty in managing Debtors' property by incurring unreasonable maintenance expenses and paying excessive management fees to NRE. Debtors have also sued State Home for its actions in "recommend[ing] and effectively select[ing]" Noneman to act as receiver. This Court finds that Noneman's motion for summary judgment is well taken and should be granted.

## FACTS

Noneman was appointed by the Lucas County Court of Common Pleas ("State Court") on June 17, 1991 in an action by State Home, for foreclosure of a mortgage and appointment of a receiver to collect rents on Debtors' four family apartment building located at 5664 Harschel, Toledo, Ohio (the "Property"). Noneman performed his duties from June 17, 1991 to March 26, 1992. *See* Affidavit of Dennis J. Noneman, p. 2, para. 5. Noneman maintained the Property during the receivership. Noneman charged $140 per month for his management services. *See* Affidavit of Dennis J. Noneman, p. 2, para. 4. In Noneman's opinion, these charges were reasonable for the services required in managing the Property and consistent with what other apartment managers in the Toledo area charge for similar services. *See* Affidavit of Dennis J. Noneman, p. 2–3, para. 6. Noneman's maintenance expenses included payments to Debtors' counsel for evicting tenants for failure to pay rent. Noneman stated that he also "substantially rehabilitated" one of the rental units which was not in rentable condition. *See* Affidavit of Dennis J. Noneman, p. 2, para. 3.

This rehabilitation included replacing a sliding door, trim and flooring and repairing plaster. *See* Affidavit of Dennis J. Noneman, p. 2, para. 3.

Debtors filed a voluntary petition under Chapter 11 of title 11 on February 18, 1992.

The State Court dissolved the receivership in an order dated April 2, 1992. *See* Affidavit of Dennis J. Noneman, Exhibit A. In this order, the State Court directed Noneman to pay $1,464.34 to State Home for real estate taxes on the Property and to pay the balance in the receivership account of $1,245.25 to Debtors. Noneman complied with this order.

Noneman provided an accounting for his services to the State Court, State Home and counsel for Debtors on June 10, 1992. This accounting "includ[ed] all receipts, fees and charges which [Noneman] incurred" from June 17, 1991 to March 26, 1992. *See* Affidavit of Dennis J. Noneman, p. 2, para. 5 and attached Exhibit A.

## DISCUSSION

### Standard for Summary Judgment

The Court should grant summary judgment to the movant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056.

The Supreme Court has noted that the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986). The moving party must "identify[ ] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a gen-

uine issue of material fact". *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). However, the Court noted in *Anderson* that

> the [nonmovant] is not thereby relieved of his own burden of producing in turn evidence that would support a [verdict by the factfinder]. Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

*Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514.

The Sixth Circuit has interpreted the Supreme Court's summary judgment cases as requiring summary judgment where the nonmoving party has "relied on a forlorn hope that 'something would turn up at trial' " or "rel[ied] on the now invalidated duty of the trial court to search the record for some 'metaphysical doubt' as to a material fact that might be lurking there". *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1483–84 (6th Cir.1989) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### Application of Standard for Summary Judgment to This Proceeding

■ Section 543 of title 11 prohibits a "custodian with knowledge of the commencement of a case under title 11" from taking any action in administering the property of the debtor except "as is necessary to preserve such property". *See* 11 U.S.C. § 543(a). One authority has interpreted the legislative history of this provision as indicating that "a custodian may always act as is necessary to preserve property of the debtor". Norton Bankr. Code Pamphlet 1992–1993 Ed, p. 506 (citing 124 Cong.Rec. 11097 (daily ed. Sept. 28, 1978); S17413 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini). This provision further requires a "custodian" to deliver property of the estate to the debtor-in-possession and to file an accounting of any property of the debtor that came into the possession of the "custodian". *See* 11 U.S.C. § 543(b).

Noneman was a "custodian" of Debtors' property at the time Debtors' bankruptcy was filed and is thus subject to 11 U.S.C. § 543. *See* 11 U.S.C. § 101 (defining custodian to include a "receiver ... of any property of the debtor, appointed in a case or proceeding not under this title").

This Court agrees with the court in *In re Sundance Corp.* that 11 U.S.C. § 543 gives a bankruptcy court authority to review the actions of a state court receiver. *In re Sundance Corp.,* 149 B.R. 641 (Bankr. E.D.Wash.1993).

■ "A receiver may be liable to an estate for failure of its stewardship, and if the estate is harmed the receiver may be surcharged." *In re Sundance Corp.,* 149 B.R. at 653. The receiver is bound to exercise reasonable care. The receiver is not responsible for mere mistakes in carrying out the receiver's duties. However, 11 U.S.C. § 543 "does not give carte blanche to the bankruptcy court to review the orders of the [state] court." *In re Sundance Corp.,* 149 B.R. at 650.

■ Additionally, "to the extent that a receiver has merely performed actions which the [state] court ordered it to take, a receiver should be immunized from liability to the estate". *In re Sundance Corp.,* 149 B.R. at 654. In reviewing the receiver's actions "[a]n order's immunizing power varies with the extent that a court is fully informed as to the nature of the options available for its consideration, and that notice and opportunity is given to interested parties to participate in the decision-making process". *In re Sundance Corp.,* 149 B.R. at 654. For actions taken without notice and an opportunity for all interested parties to participate in the decision making process, the receiver "will have to defend itself on the merits of whether it acted with reasonable business judgment". *In re Sundance Corp.,* 149 B.R. at 654.

■ Though Noneman made a payment to State Home subsequent to Debtors' bankruptcy filing on February 18, 1992 in

order to reimburse State Home for real estate taxes paid for the Property, this Court will not sanction Noneman for this action. This payment appears to have been "necessary to preserve [Debtors'] property". 11 U.S.C. § 543(a). Further, Noneman was "merely performing actions which the [state] court ordered [him] to take". *In re Sundance Corp.*, 149 B.R. at 654.

■ This Court will not require Noneman to provide an accounting to this Court and turn over property of the estate. To do so would be to exalt form over substance. Noneman provided an accounting of his receipts and expenses to the State Court and to the attorney for Debtors on June 10, 1992. Noneman subsequently provided an accounting of his receipts and expenses to this Court. In his unrebutted affidavit, Noneman stated that he turned over the balance in the receivership account, less reimbursement to State Home for property taxes paid by State Home, to the Debtors.

Debtors have provided no evidence that they have been damaged by Noneman's failure to apply to this Court for professional fees. Debtors have received an accounting from Noneman on two separate occasions but have not been able to produce evidence showing how Noneman's fees were unreasonable.

This Court will not surcharge Noneman or NRE for violation of 11 U.S.C. § 543.

■ Despite the fact that Noneman supplied Debtors' counsel with an accounting detailing receipts and disbursements for the Property on June 10, 1992 and again on March 18, 1993, Debtors have not provided any evidence supporting their allegations that Noneman breached his fiduciary duty. The only evidence of Noneman's performance is Noneman's own affidavit which states that he maintained Debtors' property, responded to tenants' complaints and "rehabilitated" an apartment that could not otherwise be rented. Noneman further stated that his management fees were "fair and reasonable" in the circumstances and consistent with such fees in the local real estate industry. This Court will not "search the record for some 'metaphysical doubt' as to a material fact that might be lurking there" with regard to Noneman's alleged breach of fiduciary duty. *Street*, 886 F.2d at 1483–84 (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356).

Since NRE was not a custodian under 11 U.S.C. § 543, NRE had no duty to turn over property of the estate, provide an accounting or apply for compensation. Additionally, NRE cannot be surcharged for its actions.

Therefore, Noneman and NRE are entitled to summary judgement on Debtors' first and second causes of action because Debtors have not provided evidence that would support a verdict in their favor or provided "specific facts showing that there is a genuine issue for trial". *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514.

Lastly, Debtors have provided no evidence that State Home is vicariously liable for the actions of Noneman. Debtors have provided no evidence that Noneman, a court appointed receiver, acted under the direction of State Home. Further, an alleged principal can have no liability where that principal's alleged agent has not violated a duty.

## DEFENDANTS' MOTION FOR SANCTIONS

■ Defendants' motion for sanctions is not well taken and should be dismissed. A motion for sanctions under Bankruptcy Rule 9011 is analogous to a motion for sanctions under Rule 11 Fed.R.Civ.P. where the test for imposition of sanctions is

whether the individual's conduct was reasonable under the circumstances. If the court finds that the alleged misconduct was not reasonable, the court must impose sanctions. The nature and amount of the sanctions, though, may vary depending upon the severity of the misconduct.

*Mihalek v. Pro Arts, Inc.*, 851 F.2d 790, 792–93 (6th Cir.1988) (citations omitted). In applying this test, a court must be mindful that "American courts implicitly rejected the English tradition of routinely award-

452

ing attorneys' fees to the prevailing party" and "the results of litigation are frequently uncertain and that making an inaccurate prediction of how a court will resolve a case does not warrant a penalty". *Mihalek*, 851 F.2d at 793–794.

This Court finds that the actions taken on behalf of the Debtors were reasonable in the circumstances. The fact that Debtors' prior counsel may have consented to appointment of Noneman in the state court proceeding and that Debtors worked with Noneman in evicting tenants does not constitute a ratification of all of Noneman's acts as receiver by the Debtors. Similarly, the fact that counsel for the Debtors filed this action six months after receiving an accounting in the state court action does not warrant the imposition of sanctions. Though Noneman asserts that "[t]itle 11 U.S.C. § 543(c) ma[de] it clear that Mr. and Mrs. Paren [could] not recover the sums paid by the receiver in the maintenance and protection of the [Property]", reasonable minds could differ in interpreting this section of the Code. *See* Defendants' Motion for Summary Judgment and for Sanctions at p. 7. Therefore, Defendants' motion for sanctions should be denied. Additionally, Defendants' motion to permit counsel for Defendants to file a supplemental affidavit regarding attorney fees is therefore rendered moot.

In light of the foregoing, it is hereby

ORDERED that Defendants' motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that Plaintiffs' complaint be, and it hereby is, dismissed. It is further

ORDERED that Defendants' motion for sanctions be, and it hereby is, denied.